IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**KEITH L. PITTMAN,**

**Defendant.**                                                                  No. 08-cr-30131-DRH

## ORDER

**HERNDON, Chief Judge:**

This Order is to memorialize and supplement the Court's statements made when it imposed the sentence in open court on Defendant Keith L. Pittman on September 11, 2009. Defendant stated in open court that he has no objections to the Pre-Sentence Report and that his previous objections are resolved. The parties entered into a plea agreement. (Doc. 23).

It is the Court's obligation pursuant to **18 U.S.C. § 3553(a)** to impose an individualized sentence. While the Sentencing Guidelines must taken into consideration, they are not mandatory. Rather, the Guidelines serve as an advisory tool. Nor is the Court obligated to adhere to the terms of any plea agreement between the Government and Defendant. As the Court stated at the sentencing hearing, while the Court will take the plea agreement and the Sentencing Guidelines under consideration, the Court does not presume the reasonableness of a guideline

sentence or the plea agreement and examines the full sentencing range pursuant to the statute from below the guideline, to within the guideline, and above the guideline.

Pursuant to **18 U.S.C. § 1014**, the statutory range of imprisonment is not more than thirty years. The statutory range of supervised release after incarceration is not more than five years. Probation is not available. The statutory fine range is no more than $1,000,000. Pursuant to 18 U.S.C. § 3013(A)(2), a special assessment of $100 is mandatory. The Sentencing Guidelines provide for a term of imprisonment of 18 to 24 months. That range is based on a total offense level of 14 and a criminal history category of II. The guideline term of supervised release is three to five years with no eligibility for probation. The Sentencing Guidelines' fine range is $4,000 to $1,000,000. Pursuant to the Plea Agreement between the parties, a sentence at the low end of the Guidelines' range is recommended.

A review of the factors listed at **18 U.S.C. § 3553(a)** raises serious concerns about this Defendant. Regarding the nature and circumstances of the offense, the Court finds the offense is quite serious, especially when taking into account the history and characteristics of Defendant. Mr. Pittman has spent a good deal of his adult life engaging in fraudulent schemes involving real property and automobile purchases/leases/rentals. Defendant admits that over the last 17 years, he fraudulently purchased numerous parcels of real estate. Investigation of his record, determined independently by the probation officer, reflects at least 17 real property transactions since 1992, including at least eight fraudulent purchases of real property. The remainder of the transactions were also under questionable

circumstances. He also admits that he has not legitimately purchased an automobile in years. An examination of his record, confirms such activities, including knowingly purchasing vehicles with checks written on accounts with insufficient funds to cover them and keeping a rental vehicle well past the return date without compensation. He has two prior felony convictions associated with those fraudulent automobile transactions, which are accounted for in Defendant's criminal history points.

This Court has no recollection of a "scam artist" of Defendant's caliber being before it in eleven years on the bench. His proclivity to engage in such conduct combined with his experience and the depth and breadth of his deviousness make him a danger to anyone that might do business with him. None of that prior conduct, save the transactions that actually resulted in a conviction, is accounted for by the Guidelines' range. The sentence imposed in this case cannot merely reflect the seriousness of the offense, but must also reflect this Defendant's admitted long history of fraud, which strongly suggests he is of far greater danger to society than the instant offense reflects. The sentence must be sufficient to provide adequate deterrence and promote respect for the law-a characteristic this Defendant's history indicates he is sorely lacking.

The Court recognizes Defendant overcame a substance abuse problem and that his upbringing was difficult, but neither of those mitigating factors is sufficient to justify a low end Guideline sentence in this case. Nor does the Court find that Defendant's level of cooperation with the Government or his remorse for his crimes, which he expressed in open court, can justify such a sentence. Such a sentence

simply would not be a sufficient deterrent to this Defendant, who had two prior brushes with the criminal justice system in which he received a relatively light punishment only to continue with his fraudulent/criminal activities.  Nor would it provide him with sufficient time for potentially rehabilitative educational or vocational training that might lead him away from what has essentially been a life of crime.  Defendant's lack of a high school diploma, GED, or any vocational skills reflects a need for such training, especially in light of his long history of using fraud to make a living.

Having considered all the information in the Presentence Report, the Guidelines' sentencing computations, and the factors set forth in 18 U.S.C. § 3553(a), it is the judgment of the Court that a sentencing conforming to the recommendations of the Sentencing Guidelines is inadequate to address Defendant's conduct.  Therefore,  the Court varies from the Guidelines' recommended sentence and imposes a statutory sentence in this case greater than that which the Guidelines would impose.  Given Defendant's crime of conviction, his relevant conduct and his criminal history, the Court finds that a sentence of 48 months imprisonment, which is far less than the statutory maximum,  is appropriate in this case.  The Court recognizes that the sentence imposed is twice the high end of the Guideline range, but that range accounts for a single act of fraudulent conduct.  The Defendant's history and characteristics demonstrate a career scam artist of extraordinary danger to the public, justifying in this Court's judgment, the corrective treatment prescribed.

Defendant's current financial status, which indicates a negative net worth and virtually no income, strongly indicates he is unable to pay any fine.  Further, the Court believes it is more important that the victim in this case, HomeEq Servicing Corporation, receive restitution in the amount outstanding on Defendant's mortgage for the real estate purchase involved in the instant offense.  Thus, the Court does not impose a fine.  The Court imposes a term of five years supervised release.  During the time Defendant is on supervised release, he may not open any lines of credit without written permission from his probation officer.  The Court orders that Defendant pay the statutorily mandated $100 special assessment.

Accordingly, the Court sentences Defendant to forty-eight (48) months imprisonment, five (5) years supervised release, payment of $142,000 in restitution to HomeEq Servicing Corporation, and payment of the $100 special assessment.

Defendant is ordered to pay restitution immediately.  Payment is to be made through the Clerk of the United States District Court for the Southern District of Illinois.  If Defendant is unable to pay immediately, payment of restitution shall become a condition of supervised release.  The Court waives interest on the restitution amount in this matter.  Defendant is ordered to notify the Court and the Attorney General of any change in his economic circumstances that might affect his ability to pay restitution.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report to the United States Probation Office in the district to which he is released.  While on supervised release, Defendant shall not commit another

federal, state or local crime and shall comply with the standard conditions this Court has adopted and which will be embodied within the written judgment of the Court. Defendant shall refrain from unlawful use of any controlled substances and shall submit to one drug test within 15 days of his release from prison and at least two periodic tests thereafter, not to exceed 52 tests in a one year period. Defendant shall not possess a firearm or destructive device and shall cooperate in the collection of DNA as directed by the probation officer.  Finally, during his term of supervised release, Defendant shall comply with the following special conditions: (1) Defendant may not open any lines of credit or incur any new credit charges without express, written permission from his probation officer; (2) pay any financial penalty imposed by this judgment that remains unpaid at the commencement of the term of supervised release.  Having assessed Defendant's ability to pay, payment of the total criminal monetary penalty shall be paid in equal monthly installments of $250.00 or 10% of Defendant's net monthly income, whichever is greater, over a period of 59 months to commence 30 days after release from imprisonment.  Defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information.  Defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay any unpaid amount of restitution or special assessment.

Defendant is advised that he may appeal this conviction if he believes his guilty plea was unlawful or involuntary or suffers from some other fundamental defect not

waived by his guilty plea. Because the sentence departs from the Guidelines' recommended sentencing range and Defendant reserved the right to appeal such a sentence, Defendant is also advised that he may appeal the sentence imposed in this case. With few exceptions, the Notice of Appeal must be filed within 10 days of entry of this judgment. If requested to do so, the Clerk of Court can and will file the Notice of Appeal on Defendant's behalf. If Defendant is unable to afford an attorney to handle his appeal, his current attorney of record will remain appointed in this case unless and until the Court of Appeals withdraws his appointment and appoints new counsel. If Defendant cannot afford it, a transcript of the record in this case will be prepared for any appeal at the Government's expense.

The Court finds that the record lacks clear and convincing evidence that Defendant is not a flight risk or a danger to the community and therefore revokes Defendant's bond. Defendant is remanded to the custody of the United States Marshall pending transfer to the Bureau of Prisons.

**IT IS SO ORDERED.**

Signed this 15th day of September, 2009.

/s/    *DavidRHerndon*
**Chief Judge**
**United States District Court**